UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| TERRY L. ROSS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 1:22-cv-00063-KAC-SKL |
| | ) |
| MIKE SIEVERT and T-MOBILE, | ) |
| | ) |
|     Defendants. | ) |

**REPORT AND RECOMMENDATION**

This case is filed pro se and without prepayment of fees by Plaintiff Terry Ross ("Plaintiff"). Previously, the Court granted Plaintiff's application to proceed *in forma pauperis*, but did not permit process to be issued because Plaintiff's original complaint failed to state a claim [Doc. 9]. Plaintiff was ordered to file an amended complaint to attempt to cure the deficiencies in his original complaint, and he has now done so [Doc. 11].[1] For the reasons set forth below, I find Plaintiff's Amended Complaint also does not state a viable claim over which this Court has jurisdiction. Accordingly, I recommend that Plaintiff's Amended Complaint [Doc. 11] be dismissed in its entirety for the reasons set forth below.

Under 28 U.S.C. § 1915(e)(2), the Court is responsible for screening all actions filed by plaintiffs seeking IFP status, and dismissing any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th

---

[1] Plaintiff filed an Amended Complaint on April 8, 2022 [Doc. 10]. That Amended Complaint is identical to the Amended Complaint filed April 11, 2022 [Doc. 11], except that the more recently filed version of the Amended Complaint, the second Amended Complaint, includes an additional exhibit [Doc. 11-1 at Page ID # 62]. I will consider the more recently filed second Amended Complaint [Doc. 11], as the prior version filed by Plaintiff is less complete.

Cir. 1997) (citations omitted), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Johns v. Maxey*, No. 2:07-CV-238, 2008 WL 4442467 *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.) (citations omitted). A frivolous claim is one that is based on "an indisputably meritless legal theory," or on allegations of "infringement of a legal interest which clearly does not exist." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also* 28 U.S.C. § 1915(e)(2)(B)(i).

The standard required by § 1915(e)(2)(B)(ii) to properly state a claim for which relief can be granted is the same standard required by Federal Rule of Civil Procedure 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citations omitted). The pleadings of pro se litigants must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, pro se plaintiffs must abide by "basic pleading standards," and the role of the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (internal quotation marks and citations omitted). "[P]ro se litigants are not relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson, Rothfuss, L.P.A*, 161 F. App'x 487, 491 (6th Cir. 2005).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," otherwise it is subject to dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." A complaint need not state "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, it must contain more than mere "labels and conclusions, . . . a formulaic recitation of the elements," or "naked assertions . . . without further factual enhancement." *Id.* at 555, 557 (citations omitted). In order to survive a motion to dismiss, a complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." *Id.*

at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Stated differently, "the court must be able to draw a 'reasonable inference that the defendant is liable for the misconduct alleged.'" *KSR Int'l Co. v. Delphi Auto. Sys.,* 523 F. App'x 357, 358-59 (6th Cir. 2013) (quoting *Iqbal,* 556 U.S. at 678).

It appears that Plaintiff is attempting to sue T-Mobile and Mike Sievert, the CEO of T-Mobile in conjunction with a phone he purchased. In his Amended Complaint, under "Jurisdiction," Plaintiff writes: "Consumer Protection Act 1986 Sections (d) (3) . . . Consumer Protection Act 2019 . . . Violation of Title 18 Section 1341." [Doc. 11 at Page ID # 60.]. In the body of his Amended Complaint, he writes in pertinent part:

> On Nov 29th [2021] Plaintiff purchased or ordered a A52 cell phone from T-Mobile . . . Plaintiff specifically ask about his physical address and location if (?) cell phone Service available. The sales rep stated that service would be no problem. That turned out to be completely false or inaccurate. See Exhibits 3, 4, and 5..these are Screen Shots taken from Plaintiffs physical address at 1725 Benton Station Rd..Apt 804.
>
> Plain and simple Plaintiff signed a CONTRACT and purchased a cell phone for services which has not been Provided by the DEFENDANT OR T-MOBILE…Exhibits 1 and 2[.]
>
> . . . .
>
> The Defendant Mike Sievert must be and is responsible for any conduct and policies of T-Mobile and its Employees…He's the CEO. The cornerstone of Plaintiffs Amended Complaint is DECEPTION which encompasses the Jurisdictional requirements. Deception is the catalyst for Fraud.
>
> Fraud consists of some deceitful practice or willful device, resorted to with intent to deprive another Of his right, or in some manner to do him injury..as distinguished from negligence, it is always positive Intentional. . . . Fraud, as applied to Contracts, is the cause of an error bearing on a material part of the contract, created or continued by Artif[ice], with design to obtain some unjust

3

> advantage to one party, or to cause an inconvenience or loss To the other.
>
> Plaintiff has submitted evidence/exhibits proving that Defendant/T Mobile has engaged in this Fraudul[ent] conduct. Furthermore has been found guilty of such conduct by FCC (Exhibit 8, 17). Plaintiff Contends that this conduct must not go unchecked and must be adjudicated by this Court.

[Doc. 11 at Page ID # 60-61 (some multiple periods removed to facilitate readability)].

Plaintiff requests $50,000 in "Punitive and Compensatory damages," and "$100,000 in damages for PAIN, SUFFERING, AND EXTREME EMOTIONAL DISTRESS." [*Id.* at Page ID # 61]. Attached to the Amended Complaint are a number of exhibits, including a T-Mobile receipt,[2] a letter from T-Mobile to the Federal Communications Commission concerning Plaintiff's account, the alleged screen shots mentioned in his second Amended Complaint, additional screen shots of comments allegedly written by other unhappy T-Mobile customers, news articles concerning T-Mobile, a printout of the definition of fraud according to www.thelawdictionary.org, and a printout of a google search regarding the "Consumer Protection Act 2019."

Plaintiff's second Amended Complaint fails to state a claim. First, claims filed pursuant to 18 U.S.C. § 1341 should be dismissed because that statute is a criminal statute, and Plaintiff does not provide any explanation for why § 1341 applies in this civil lawsuit, even though this issue was specifically raised in the Court's prior order [Doc. 9 at Page ID # 37]. Furthermore, § 1341 generally prohibits mail fraud, and Plaintiff does not allege "use of mails in furtherance of the scheme [to defraud]." *United States v. Ramer*, 883 F.3d 659, 681 (6th Cir. 2018) (listing elements of mail fraud).

---

[2] The receipt states, "T-Mobile REQUIRES ARBITRATION OF DISPUTES," unless a customer opts out [Doc. 11-1 at page ID # 62]. Plaintiff does not address this aspect of the receipt nor do I.

Second, the "Consumer Protection Act" Plaintiff cites appears to be a legislative act by the Parliament of India, as the language in Plaintiff's google search[3] corresponds to language from a website discussing the Indian legislation [*see* Doc. 11-1 at Page ID # 68; *see also* LegitQuest, "Consumer Protection Act 2019 And Its Salient Features," *available at* https://www.legitquest.com/legal-guide/consumer-protection-act-2019-and-its-salient-features (dated Apr. 8, 2021; last accessed April 11, 2022)]. While the United States does have a Telephone Consumer Protection Act, it was passed to address "[v]oluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes." *Hill v. Homeward Residential, Inc.*, 799 F.3d 544, 548 (6th Cir. 2015) (citation omitted). It has no plausible bearing to the allegations made in Plaintiff's second Amended Complaint.

Tennessee has enacted a "Consumer Protection Act of 1977," *see* Tenn. Code Ann. § 47-18-101, but Plaintiff does not appear to rely on it, as he makes only a passing reference to "Consumer Protection Act 1986," and a "Consumer Protection Act 2019" under the "Jurisdiction" heading of his second Amended Complaint [Doc. 11 at Page ID # 60]. More importantly, Plaintiff fails to properly invoke any possible diversity jurisdiction, because he does not allege the states of citizenship for T-Mobile or Sievert. *See Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019) (A "complaint 'must allege both the corporation's state of incorporation and its principal place of business.'" (quoting *McGhee v. Hybrid Logistics, Inc.*, 599 F. App'x 259, 259 (6th Cir. 2015))); *see also Vaughn v. Holiday Inn Cleveland Coliseum*, 56 F. App'x 249, 250 (6th Cir. 2003) (finding that the "district court properly held that Vaughn failed to allege sufficient

---

[3] "The 2019 Act has also widened the definition of Unfair Trade Practices as compared to the 1986 Act which now includes within its ambit online misleading advertisements; the practice of not issuing bill/memo for the goods and services; failing to take back defective goods or deactivate defective services and refund the amount within the stipulated time mentioned in the bill or memo or within 30 days in the absence of such stipulation." [Doc. 11 at Page ID # 68].

information to determine whether complete diversity exists," and affirming the district court's "decision to dismiss Vaughn's first amended complaint"). As such, Plaintiff should not be allowed to proceed in federal court on this basis.

The Court need not, and this recommendation does not, address whether Plaintiff may be able to bring any claims against these Defendants in either state court or an appropriate arbitration forum.

## III. CONCLUSION

Plaintiff was previously warned his case would be dismissed if he failed to state a claim over which this Court has jurisdiction [Doc. 9]. For the reasons set forth above, I find Plaintiff has failed to do so. As such, I **RECOMMEND**[4] that Plaintiff's second Amended Complaint [Doc. 11] be **DISMISSED WITHOUT PREJUDICE** in its entirety, and that this case be **CLOSED**.

**ENTER**:

> s/ *Susan K. Lee*
> SUSAN K. LEE
> UNITED STATES MAGISTRATE JUDGE

---

[4] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).